## KLEIN v KLEIN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15925. Decided May 24, 1937

Copperman, Debard & Greenwood, Cleveland, for plaintiff-appellant.

J. J. Wodisky, Cleveland, for defendant-appellee.

GUERNSEY, PJ, CROW and KLINGER, JJ, (3rd Dist) sitting by designation.

## OPINION

By THE COURT

Neither the number nor the names, ages or relationship of the minor children for whose benefit the order of support was made in the decree in the divorce action, appear in the petition, cross-petition or decree in said action. The order with reference to the support is as follows:

The court further finds that the plaintiff is to pay for the support of the minor children of the defendant the sum of $15.00 per week until the further order of the court.

It will be noticed that the award is in a lump sum per week and the amount awarded is not allocated among the children. In this situation, upon the hearing of the application to modify the support decree, evidence was admissible to show the number and names of the children, their ages at the time the decree was entered and their relationship through adoption by the plaintiff; and the award for the support of the minor children being in a lump sum per week and no specific part of such award being allocated to any of such children, evidence was also admissible not for the purpose of impeaching said decree but for the purpose of showing the situation of each of the children with reference to their requirements for support at the time the original decree was entered, and showing that irrespective of the fact that two of the children had arrived at legal age since the decree was entered, the situation of the children with reference to their support, requirements of the same at the time of the hearing of the application to modify as it was at the time the original decree was entered. Where a lump sum award is made in a decree of divorce for the support of minor children, the mere fact that certain of such children have arrived at legal age since the making of the award, does not entitle the party to a divorce suit ordered to pay such weekly lump sum, to a modification of the award in such proportion as the number of children who have arrived at legal age, since the award bears to the total number of children who were minors at the time the award was made. The evidence, the admission of which is complained of, was therefore admissible to establish the facts mentioned, and the court will be presumed to have limited its consideration thereof, to the purpose for which it was admissible.

Upon a consideration of all the evidence we find the Common Pleas Court was, from such evidence, warranted in finding that there had been no such change in the situation of the children or the appellee to justify the modification by reduction of the amount ordered paid. The judgment of the Court of Common Pleas will therefore be affirmed at costs of appellant and the cause remanded for execution. Exceptions saved.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.